IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**BUDDY GILL**  )
 )
 Plaintiff, )
 )  CIVIL ACTION NO.: 1:06cv718-
-vs- )
 )  **JURY TRIAL DEMANDED**
 )  (Discovery Served Herewith)
**SORRELLS FUNERAL HOME, INC.; and** )
**TERRY G. SORRELLS** )
 )
 Defendants. )
 )

RECEIVED 2006 AUG 11 A 9:37 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## COMPLAINT

COMES NOW, Plaintiff, Buddy Gill (hereinafter "Plaintiff"), by and through the undersigned, and hereby files the instant action against Defendants Sorrells Funeral Home, Inc. and Terry G. Sorrells pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for his cause of action states the following:

1. Plaintiff Buddy Gill is an adult resident citizen of Geneva County, Alabama.

2. Defendant Sorrells Funeral Home, Inc. is a corporation organized and existing under the laws of the State of Alabama.

3. Defendant Terry G. Sorrells is an adult resident citizen of Coffee County, Alabama.

4. Venue is proper in the Middle District of Alabama under 28 U.S.C §1391(b).

5. This action is brought to recover unpaid compensation and overtime compensation owed to Plaintiff pursuant to the FLSA. For at least three (3) years prior to filing this complaint, Defendants have had a uniform policy and practice of consistently requiring Plaintiff to work over 40 hours per week without proper overtime compensation. Plaintiff was

not paid overtime compensation for the hours worked that exceed forty (40). Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees plus costs pursuant to 29 U.S.C. §216(b). In addition, Defendants have failed to timely pay Plaintiff his earned wages.

6. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b).

7. At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

8. At all times material to this action, Defendants were the "employers" of Plaintiff as defined by §203(d) of the FLSA.

9. At all times material to this action, Plaintiff was the "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

10. At all times relevant to this action, Defendants employed Plaintiff.

11. The services performed by Plaintiff were a necessary and integral part of and directly essential to Defendants' business.

12. Plaintiff was required to perform his duties without lawful overtime compensation.

13. Defendants have intentionally failed and/or refused to pay Plaintiff in accordance with the provisions of the FLSA.

14. The systems, practices and duties of Plaintiff have existed for at least (3) three years throughout Defendants' business.

15. For at least three (3) years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with lawful wages

and overtime compensation. Despite this knowledge, Defendants have failed to pay Plaintiff lawful wages and the mandatory overtime compensation.

16. Defendants have intentionally and repeatedly misrepresented and/or concealed the true status of Plaintiff's compensation as well as his entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed. Plaintiff relied upon Defendants' misrepresentations and was unable to determine his true status under the FLSA through the exercise of reasonable diligence because of said misrepresentations.

17. As a result of the actions of Defendants in fraudulently concealing the true status of their employees under the FLSA, the applicable statute of limitations is tolled for long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above. Defendants are estopped from raising such statue of limitations as a bar.

18. Defendants have engaged in a widespread pattern and practice of not paying mandatory wages and overtime compensation.

19. As a result of Defendants' conduct, Plaintiff has suffered damages by failing to receive proper compensation.

20. In addition to the amount of unpaid wages and overtime compensation owed him, Plaintiff is entitled to recover an additional amount of liquidated damages and prejudgment interest pursuant to 29 U.S.C. §216(b).

21. Defendants' failure to properly compensate Plaintiff was willful.

22. Defendants have not made a good faith effort to properly pay Plaintiff.

23. Defendants' actions amount to a breach of contract and/or unjust enrichment.

24. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, pursuant to §216(b) of the FLSA, Plaintiff prays for the following relief:

1. An award of damages in the amount of his unpaid compensation and benefits, plus an equal amount of liquidated damages and/or prejudgment interest pursuant to 29 U.S.C. §216(b).

2. An award of reasonable attorney's fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which the may be entitled.

**Plaintiff further demands a trial by struck jury on all issues related to this cause.**

/s/ William R. Davis
WILLIAM R. DAVIS (DAV140)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & HERRINGTON, L.L.C.
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com