IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BUDDY GILL, | § |
| Plaintiff, | § |
| vs. | §  Case No.: 1:06-cv-718 |
| SORRELLS FUNERAL HOME, INC., and TERRY G. SORRELLS, | § |
| Defendants. | § |

## ANSWER

COMES NOW, the Defendants, Sorrells Funeral Home, Inc., and Terry G. Sorrells, through counsel, and hereby deny the allegations of the Plaintiff's Complaint and more specifically state as follows:

1. The Defendants have insufficient knowledge to admit or deny the allegations of paragraph 1 and therefore deny same.

2. The Defendants admit the allegations of paragraph 2.

3. The Defendants admit the allegations of paragraph 3.

4. The Defendants admit the allegations of paragraph 4.

5. The Defendants admit that the Plaintiff is attempting to bring an action for unpaid compensation and overtime and that Plaintiff seeks damages, but deny the remaining allegations of paragraph 5.

6. The Defendants admit the allegations of paragraph 6.

7. The Defendants admit that Sorrells Funeral Home, Inc. is engaged in commerce, but denies that it is in the production of goods for commerce as defined by the FLSA. Defendants deny the remaining allegations of paragraph 7.

1

8. Defendants admit that Sorrells Funeral Home, Inc. employed the Plaintiff, but denies the remaining allegations of paragraph 8.

9. Defendants admit that Sorrells Funeral Home, Inc. employed the Plaintiff in the United States within the last three years, but denies the remaining allegations of paragraph 9.

10. The Defendants deny the allegations of paragraph 10. See their response to paragraph 9.

11. The Defendants deny the allegations of paragraph 11.

12. The Defendants deny the Plaintiff was entitled to overtime compensation and therefore deny the allegations of paragraph 12.

13. The Defendants deny the allegations of paragraph 13.

14. The Defendants deny the allegations of paragraph 14.

15. The Defendants deny the allegations of paragraph 15.

16. The Defendants deny the allegations of paragraph 16.

17. The Defendants deny the allegations of paragraph 17.

18. The Defendants deny the allegations of paragraph 18.

19. The Defendants deny the allegations of paragraph 19.

20. The Defendants deny the allegations of paragraph 20.

21. The Defendants deny the allegations of paragraph 21.

22. The Defendants deny the allegations of paragraph 22.

23. The Defendants deny the allegations of paragraph 23.

24. The Defendants deny the allegations of paragraph 24.

WHEREFORE, the Defendants pray that judgment be entered in their favor and against the Plaintiff and hereby deny the Plaintiff's claim for damages including paragraphs 1 through 3 of Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

COMES NOW, the Defendants and for their affirmative defenses states as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff is exempt from the Fair Labor Standards Act under one or more of the following recognized exemptions:

    a. The professional exemption;

    b. The administrative exemption;

    c. The executive exemption;

    d. The motor carrier exemption; and

    e. The combination exemption under 29 CFR Section 541.708.

3. To avoid waiver, the Defendants plead that the Plaintiff's claims are barred by the applicable statute of limitations and/or are otherwise untimely under the Doctrine of Laches.

4. Terry G. Sorrells is not an employer for any relevant purpose herein.

5. Any damages suffered by the Plaintiff were not caused by any action, conduct or behavior for which the Defendants are or could be liable. The Defendants, at all times, acted in good faith in the payment of compensation owed to the Plaintiff.

6. The Defendants are entitled to a setoff for the amount of compensation paid to Plaintiff and/or Plaintiff's creditors in excess of Plaintiff's regular compensation.

7. The Defendant, Terry G. Sorrells, cannot be individually liable for any alleged statutory violation.

8. The Plaintiff is not entitled to liquidated damages, attorney fees and costs and has not suffered the amount of damages as claimed.

9. The Plaintiff cannot establish a prima facie case for recovery against the Defendants under any legal or applicable theory or cause of action.

10. The Defendants have breached no contract with the Plaintiff and deny that any contract was ever formed. To avoid waiver, the Defendants also plead performance, cancellation, release, accord and satisfaction.

11. The Plaintiff has failed to state a cause of action for breach of contract and/or unjust enrichment.

12. The Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

13. At the time of the filing of this Answer, the Defendants have neither commenced nor completed discovery in this cause and respectfully reserve the right to amend this Answer at a later date.

Respectfully submitted,

s/ Elizabeth B. Glasgow
Elizabeth B. Glasgow  ASB-8348-S58E
Attorney for Defendants
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:   334/793-6624
Email: eglasgow@fphw-law.com

Of Counsel:
S. Mark Andrews
Attorney for Defendants
Morris, Cary, Andrews, Talmadge & Jones, LLC
P. O. Box 1649
Dothan, Alabama 36302
Tel:   (334) 792-1420
Fax:   (334) 673-0077
Email: MAndrews@MCATLaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    William R. Davis, Esq.
    Attorney for Plaintiff
    Davis & Herrington, L.L.C.
    Park Place Center
    8650 Minnie Brown Road, Suite 150
    Montgomery, Alabama 36117

    __s/ Elizabeth B. Glasgow_____
    Of Counsel