IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BUDDY GILL** )<br>)<br>Plaintiff, )<br>)<br>) | CIVIL ACTION NO.: 1:06-CV-718 |
| -vs- )<br>)<br>)<br>**SORRELLS FUNERAL HOME, INC.; et al.** )<br>)<br>Defendants. )<br>) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS SORRELLS FUNERAL HOME, INC. AND TERRY G. SORRELL'S MOTION TO DISMISS**

**COMES NOW** Buddy Gill (hereinafter "Plaintiff"), by and through the undersigned, and hereby responds in opposition to Defendants' Motion to Dismiss.[1] Defendants' Motion has no merit and is due to be denied. As grounds therefore, Plaintiff states as follows:

1. The *Federal Rules of Civil Procedure* impose a lenient obligation upon Plaintiff in drafting his Complaint in that he is only required to satisfy a "notice pleading" obligation by providing fair notice of the claim and the grounds upon which the claim rests. A claimant is not required to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[2]

2. The United States Supreme Court has explained the "Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must

---

[1] If Plaintiff's Complaint failed to specify the allegations in a manner to provide sufficient notice, Defendant could have moved for a more definite statement under Rule 12(e) before responding.

[2] "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). (Citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).[3]

3.      The portion of Plaintiff's Complaint Defendants attack is undoubtedly in compliance with Rule 8(a)(2) in that it provides the short and plain statement, "Defendants' actions amount to a breach of contract and/or unjust enrichment."[4]  Clearly, Plaintiff is alternatively alleging that Defendants' conduct amounts to a breach of contract and/or that Defendants have been unjustly enriched by their conduct.[5]

4.      Plaintiff has undoubtedly carried his burden of notifying Defendants of his claim for breach of contract and/or unjust enrichment.  If not, Defendants would not be moving the Court to dismiss these claims for allegedly failing to comply with Rule 10(b) of the Federal Rules. As a result, Defendants clearly recognize Plaintiff alternatively seeks to maintain these claims in addition to those sought under the Fair Labor Standards Act.

5.      Furthermore, the "other provisions of the *Federal Rules of Civil Procedure* are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that 'no technical forms of pleading or motions are required,' and Rule 8(f) provides that 'all pleadings shall be so construed as to do substantial justice.'"  *Id.* at 513-514.

6.      Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," there is no doubt Plaintiff's Complaint adequately sets forth a claim for breach of contract and/or unjust enrichment of which Defendants had fair notice.

---

[3] Rule 8(a)'s simplified pleading standard applies to all civil actions. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002).

[4] *See* paragraph 23 of Plaintiff's Complaint.

[5] The alternative relief sought by Plaintiff is proper in light of the fact "relief in the alternative or of several different types may be sought." Rule 8(a)(2) of the *Federal Rules of Civil Procedure*.

2

7.      Defendants have been provided fair notice of Plaintiff's claims for breach of contract and/or unjust enrichment and therefore, Defendants have and will not be prejudiced by the allowance of paragraph 23 of Plaintiff's Complaint

8.      Based upon the aforementioned, Defendants' Motion to Dismiss is due to be summarily DENIED.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves this Honorable Court for an Order denying Defendants' Motion to Dismiss or alternatively granting Plaintiff leave to file an amended complaint to cure the alleged defect.

/s/ Andy Nelms
ANDY NELMS
ASB-6972-E63K
Attorney for Plaintiff

**OF COUNSEL:**

**LAW OFFFICES OF JAY LEWIS, LLC.**
P.O. Box *5059*
Montgomery, AL 36103
(334) 263-7733
(334) 832-4390 (Fax)
Andynelms@jaylewislaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 26, 2006, I electronically filed the foregoing document with the Clerk of this Court via the CM/ECF system, which will send notification of such filing to the following:


Elizabeth B. Glasgow
**FARMER, PRICE, HORNSBY & WEATHERFORD, LLP.**
100 Adris Place
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624
eglasgow@fphw-law.com

S. Mark Andrews
**MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC.**
P.O. Box 1649
(334) 792-1420
(334) 673-0077
mandrews@mcatlaw.com

William R. Davis
**DAVIS & HERRINGTON, L.L.C.**
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com


         /s/ Andy Nelms
         OF COUNSEL