**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| BUDDY GILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No.:  1:06-cv-718 |
| | § | |
| SORRELLS FUNERAL HOME, INC., | § | |
| and TERRY G. SORRELLS, | § | |
| | § | |
| Defendants. | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

**COME NOW** the parties to this litigation, including Plaintiff and Defendants, through counsel, and hereby jointly move for court approval of the settlement of this dispute, the terms of which are attached herein as Exhibit A.  As grounds therefor, the parties state as follows:

1.       This is a private action for back wages under the Fair Labor Standards Acts, 29 USC §216 ("FLSA").

2.       "In reviewing a settlement of an FLSA private claim, the court must 'scrutinize the settlement for fairness,' and determine that the settlement is a 'fair' and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker vs. Novar Corporation*, 293 F. Supp. 2d 1260 (M.D.AL 2003) quoting *Lynn's Food Stores, Inc. vs. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging the settlement of litigation." *Lynn's Foods*, 679 F. 2d. at 1354, n1.

3.    In the present litigation, the dispute has focused on whether the plaintiff/employee, a funeral director, was exempt under the Learned Professional Exemption, the Administrative Exemption or the Motor Carrier Safety Act Exemption of the FLSA.  The parties also dispute the number of overtime hours which were actually worked by plaintiff.

4.    Through informal discovery, counsel shared information which revealed facts tending to show that Andrew "Buddy" Gill worked for the Sorrels Funeral Home from August 10, 2004 through June 28, 2006.  Plaintiff contends that he worked overtime in the evenings and on weekends to assist with visitations and funerals.  Evidence also showed that Sorrels Funeral Home is a small operator in Southeast Alabama, averaging one to two funerals per week.  Thus, even if the plaintiff were considered non-exempt, the opportunity for overtime was limited during his tenure.  Also, at issue are certain claims which the Defendants have or may have against the Plaintiff for amounts allegedly paid by them to Plaintiff's creditors.  This settlement purports to be a mutual release of all claims which either party has against the other.

5.    Also, because of the availability of attorney fees, interest and liquidated damages as remedies under the FLSA, the parties seek to avoid further incurring additional attorney fees.

6.    Counsel for both sides are experienced attorneys who practice in this area of law and have recommended this settlement as a reasonable compromise of all the issues. The parties to this litigation have also indicated their agreement to the terms.

WHEREFORE, the parties pray that this court enter an order finding that this settlement is a fair and reasonable resolution of this dispute and that there is no reason why such settlement cannot be implemented according to its terms.

DATED this the 28th day of December, 2006.


By: __s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow ASB-8348-S58E
Attorney for Defendants

**OF COUNSEL:**
**FARMER, PRICE, HORNSBY**
 **& WEATHERFORD, L.L.P.**
**Post Office Drawer 2228**
**Dothan, Alabama 36302**
**Tel:    (334) 793-2424**
**Fax:    (334) 792-6624**
**Email: eglasgow@fphw-law.com**

**S. Mark Andrews**
**Attorney for Defendants**
**Morris, Cary, Andrews, Talmadge & Jones, LLC**
**P. O. Box 1649**
**Dothan, Alabama 36302**
**Tel:    (334) 792-1420**
**Fax:    (334) 673-0077**
**Email: MAndrews@MCATLaw.com**


By: __s/ William R. Davis_____
William R. Davis
Attorney for Plaintiff

**OF COUNSEL:**
**DAVIS & HERRINGTON, L.L.C.**
**Park Place Center**
**8650 Minnie Brown Road, Suite 150**
**Montgomery, Alabama 36117**

**OF COUNSEL:**
**Andy Nelms**
**Attorney for Plaintiff**
**P.O. Box 5059**
**Montgomery, AL 36103**
**(334) 263-7733**
**(334) 832-4390 (Fax)**
**Email: Andynelms@jaylewislaw.com**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy hereof has been furnished to the following attorneys by U.S. mail, first class, postage paid, this the 28th day of December, 2006.

William R. Davis, Esq.
Attorney for Plaintiff
Davis & Herrington, L.L.C.
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117

Andy Nelms
Attorney for Plaintiff
P.O. Box 5059
Montgomery, AL 36103


__**s/ Elizabeth B. Glasgow**_____
Of Counsel

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Agreement and Mutual Release ("Agreement"), is entered into this ___ day of _____, 2006 by and between **Andrew "Buddy" Gill** (hereinafter "Plaintiff" or "Gill") and Defendants, **Sorrells Funeral Home, Inc. and Terry G. Sorrells** (hereinafter "Defendants") and is intended by the parties herein to: 1) settle all claims between them; 2) provide for a mutual release of liability; and 3) effect the dismissal of the lawsuit now pending in the U.S. District Court for the Middle District of Alabama, 1:06-cv-718.

**Plaintiff's release:** The undersigned Plaintiff, for and in consideration of: 1) the release of any and all of Defendants' claims against him; 2) the payment of $12,000 (hereinafter "settlement funds"); and 3) for other consideration the sufficiency of which is acknowledged, does, for himself and his respective heirs, executors, administrators and assigns, hereby completely and fully release and discharge Defendants, their officers, directors, employees, affiliates, attorneys, insurers, successors and assigns (hereinafter "Releasees"), from any obligation, liability, cause of action or responsibility of any kind, known or unknown, which exists now or which may accrue in the future against Releasees arising out of Gill's employment with Sorrells Funeral Home, Inc. or any other dealings or matters between Gill and the Releasees.

Plaintiff's release includes without limitation any and all actions, causes of action, grievances, suits, charges, complaints against Releasees under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, Section 1981 of the Civil Rights Act of 1866, the Family and Medical Leave Act of 1993, state and federal Age Discrimination in Employment Act, and any claims, complaints or charges under any other federal, state or local law or in equity, including, without limitation claims based on contract or tort law.

Plaintiff further agrees, promises and covenants that neither Plaintiff, nor any person, organization or any other entity acting on Plaintiff's behalf, will file, charge, claim, sue or cause or permit to be filed, charged or claimed, any action for damages or other relief against any Releasee involving any matter pertaining to Plaintiff's employment with Defendants which occurred in the past up to the date of this Agreement or involving any continuing effects of actions or practices which arose prior to the date of this Agreement, or involving any matter between Plaintiff and any Releasee.

**Defendants' Release:** The undersigned Defendants also, for and in consideration of: 1) the release of any and all of Plaintiff's claims against Releasees; 2) Plaintiff's agreement to dismiss the aforementioned lawsuit with prejudice, each party to bear their own attorneys' fees and costs; and 3) for other consideration the sufficiency of which is acknowledged, do, for themselves and their respective heirs, executors, administrators and assigns, hereby completely and fully release and discharge Gill and his attorneys, insurers, successors and assigns of and from any obligation, liability, cause of action or responsibility of any kind now or which may accrue in the future arising out of Defendants' claims against Gill,

whether presently known or unknown, and any and all other claims, dealings or matters between Gill and the Releasees.

It is understood and agreed that this is a full and final settlement of any all claims which each party might have against the other and is intended to be a full and final resolution of any dispute which exists between them. It is a compromise of disputed claims, and neither this release, nor the payment of settlement funds shall be construed as an admission of liability or of unlawful conduct by any party. **All parties have access to counsel and are deemed to understand the contents and legal effect of this release.** All parties hereby affirm that no other promises or inducements other than those contained in this release and settlement agreement have been made.

**Confidentiality**:   The parties agree that they will keep the terms and amounts set forth in this Agreement and facts and circumstances surrounding the negotiation and execution of this Agreement confidential, and that they will not hereafter disclose any information concerning this Agreement to any person other than present attorneys, accountants, or tax advisors. Upon inquiry, the parties may only disclose that this matter was resolved and that the lawsuit was dismissed.

**Attorneys' Fees:** Each party hereto shall bear their own attorneys' fees and costs in connection with this matter and in effectuating this settlement agreement.

**Dismissal of Suit:** Upon receipt of settlement funds and the execution of this release and settlement agreement, counsel for the Plaintiff has, or will, in the immediate future, deliver to counsel for the Defendants an executed dismissal of any pending proceedings against the Defendants.  The Plaintiff has authorized Plaintiff's counsel to execute the dismissal on his behalf and hereby authorizes counsel for the Defendants to file the dismissal with the court and enter it as a matter of record.

**Indemnity Agreement:**  It is further agreed and understood that the Plaintiff will protect, indemnify and save harmless the Releasee(s) from any valid claims or demands which are asserted against the Releasees concerning matters which the Plaintiff has released through this Agreement. The undersigned acknowledges that all such claims will be satisfied by the Plaintiff.

**Tax Liability:**   The parties agree that the Settlement Funds and other stated consideration represents the full and complete settlement of the Plaintiff's claims against the Releasees including any and all claims for attorneys' fees, costs, expenses and liabilities which Releasors may have incurred as a result of the aforereferenced lawsuit or this settlement.  **Releasees have made no withholding from the sums paid hereunder.** Gill represents to Releasees that he has access to tax accountants or tax counselors and that Gill will be responsible for reporting and paying any applicable federal, state and/or local tax, if any, which may be due on monies received pursuant to this Agreement.  Plaintiff further agrees to indemnify, defend and hold Releasees harmless from any such tax liability or obligation.

2

**Miscellaneous:**  This agreement shall be construed and interpreted according to Alabama law.  It is the product of a negotiated settlement and shall not be strictly construed against either party. If any portion or section is deemed in valid, such invalidity shall not affect the enforceability of the remaining terms herein.

The parties acknowledge that they have read this release and understand and agree to its terms.

Signed this the _____ day of _____, 2006.


_____
ANDREW "BUDDY" GILL


SORRELLS FUNERAL HOME, INC.
BY:


_____
Its President


_____
TERRY G. SORRELLS